Martin Nicolaus SBN 124461
Nicolaus Law Office
1342 California Street
Berkeley, CA 94703
Tel: 510-526-6946
Fax: 510-868-0588
Email: martin@nicolaus.com

Attorney for Plaintiff



E-filing

FILED
MAR 3 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR COURT DESIGNS Inc.

    Plaintiff,

v.

SHERRI OWENS, JOHN JENSEN, and DOES 1-25,

    Defendants.

NO. **C08-01719**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: INFRINGEMENT OF COPYRIGHT.**

**DEMAND FOR JURY TRIAL.**

Plaintiff alleges:

1.    **Jurisdiction**. This is an action for copyright infringement. Jurisdiction is premised on 28 U.S.C. §1338(a) and on the Copyright Act, 17 U.S.C. § 101 et seq.

2.    **Intradistrict Assignment**. Venue lies in this District under 28 U.S.C. §1400 because the Defendants are doing business in this judicial district by shipping the infringing copies into, and offering the infringing copies for sale within, the County of San Francisco.

**PARTIES**

3.    Plaintiff ARTHUR COURT DESIGNS INC. is a corporation of California with its principal business office at Brisbane, California, in this judicial district. The renowned designer Arthur Court is Plaintiff's principal officer.

4. Plaintiff is engaged in business as a creator, maker, and distributor of a line of fine serving-ware, including numerous items made of aluminum, such as serving plates, trays, bowls, decanters, utensils, and the like. All of Plaintiff's designs feature original motifs inspired by nature, such as grapes and grape leaves, flowers, various types of fish and other sea creatures, wild animals, and many others. Each of Plaintiff's products is an original work of sculptural art and is registered as such with the U.S. Copyright Office. Plaintiff distributes its products through high-end department stores such as Neiman-Marcus and selected gift stores throughout the United States and Canada. Plaintiff's name is well known and enjoys high prestige throughout the serving-ware and giftware industries, and many of Plaintiff's works are sought after by collectors.

5. Defendants SHERRI OWENS and JOHN JENSEN are natural persons and are engaged in the importation and distribution of serving-ware items made of aluminum, such as serving plates, trays, bowls, decanters, utensils, and the like, using the fictitious business names "Necessities in Pewter" and "Necessities in Home Design," with a principal place of business in Phoenix, Arizona.

6. Plaintiff is unaware of the names and identities of other defendants who may be liable for the unlawful copying alleged herein, and therefore sues them under fictitious names. Plaintiff will seek leave to amend the complaint to substitute their real identities if and when ascertained.

7. Plaintiff is informed and believes that each of the defendants is jointly and severally liable with all of the other defendants for the harm herein alleged.

**COPYRIGHTS AT ISSUE**

8. Plaintiff is the owner of all rights, title, and interest in a certain cast aluminum sculptural work which bears Plaintiff's catalogue number 10-1634 and is registered for copyright under the name "10-1634 Sand cast aluminum 14" Grape Salad Bowl," hereinafter referred to by the short title of "1634" The work was completed and published prior to June 1, 1998. Plaintiff complied with all statutory formalities and requirements for copyright registration. The work was duly registered with the U.S. Copyright Office on September 22, 1998, as evidenced by Copyright Registration Certificate No. VA 931-695. A true and correct copy of the said certificate, front and

back plus deposit photographs, is attached hereto collectively as Exhibit 1. The original work prominently bears a notice of copyright stamped on the underside.

9. Plaintiff is also the owner of all rights, title, and interest in another cast aluminum sculptural work which bears Plaintiff's catalogue number 10-1694 and is registered for copyright under the name "10-1694 Sand-cast Aluminum 16" Dia. Grape Tray," hereinafter "1694." The work was completed and published prior to February 2, 1999. Plaintiff complied with all statutory formalities and requirements for copyright registration. The work was duly registered with the U.S. Copyright Office on March 22, 1999, as evidenced by Copyright Registration Certificate No. VA 951-428. A true and correct copy of the said certificate, front and back plus deposit photographs, is attached hereto collectively as Exhibit 2. The original work prominently bears a notice of copyright stamped on the underside.

10. Plaintiff is also the owner of all rights, title, and interest in the following additional cast aluminum sculptural works, and has complied with all statutory formalities and requirements for copyright registration:

| Short Name | Copyright Registration No. | Copyright Certificate Title | Copyright Reg. Date |
|---|---|---|---|
| "280" | VA 393 594 | Aluminum tray in the form of two crabs, with raised crab designs, # 10-280 | 5/4/1989 |
| "336" | VA 393 599 | Aluminum oblong tray with raised elephant design, #10-336 | 5/4/1989 |
| "344" | VA 393-601 | Aluminum tray w/raised shapes & forms of elephants, #10-344 | 5/4/89 |
| "1586" | VA 871-966 | Cast aluminum Serving Set in the Grape Vine and Leaf Design | 9/15/97 |

Copies of the copyright certificates for each of the above-listed works are attached collectively in Exhibit 3, 4, 5, and 6 hereto.

11. Each of the cited copyrights is the property of Plaintiff, either as original author or by subsequent Assignment duly recorded in the Copyright Office.

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

12. Plaintiff realleges the contents of paragraphs 1 through 10 above and incorporates

them as if set forth in full herein.

13. Within the past 60 days, the Defendants shipped to a buyer in San Francisco, California, via a common carrier, an item that bears Defendant's catalogue number BW-FR-5 and is described by Defendants as "Grape Cut Out Bowl."

14. The said item is substantially similar to Plaintiff's Item 1634 (described in paragraph 8. above and depicted in Exhibit 1), and appears to be a plug mold copy of Plaintiff's original. The Defendant's copy is identical in design, but rougher in manufacture, with some of the finer details of the original lost or ground off in the process of copying.

15. A side-by side comparison of the Plaintiff's original, on the left, and the Defendant's copy, is contained in Figure 1:



Figure 1: Plaintiff's 1634 (left) and Defendant's BW-FR-05

16. Defendants posted photographic images of this work and offered the item for sale on their Internet site and in their printed catalogue.

17. At no time has Plaintiff authorized Defendants or anyone associated with them to make a copy of this or any other of Plaintiff's works, or to offer the works for sale.

18. On information and belief, the Defendants imported the cited unlawful copies from Mexico, in violation of 17 U.S.C. §601.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

19. Plaintiff realleges the contents of paragraphs 1 through 10 above and incorporates them as if set forth in full herein.

20. Within the past 60 days, the Defendants shipped to a buyer in San Francisco, California, via a common carrier, an item that bears Defendant's catalogue number TR-FR-5L and is described by Defendants as "LG RD CUT OUT GRAPE TRAY."

21. The said item is substantially similar to Plaintiff's Item 1694 (described in paragraph 9. above and depicted in Exhibit (1), and appears to be a plug mold copy of Plaintiff's original. The Defendant's copy is identical in design, but rougher in manufacture, with some of the finer details of the original lost or ground off in the process of copying.

22. A side-by side comparison of the Plaintiff's original, on the left, and the Defendant's copy, is contained in Figure 2:



Figure 2: Plaintiff's 1694 (left) and Defendants' TR-FR-5L

23. Defendants posted photographic images of this work and offered the item for sale on their Internet site and in their printed catalogue.

24. At no time has Plaintiff authorized Defendants or anyone associated with them to

1  make a copy of this or any other of Plaintiff's works, or to offer the works for sale. .

2  25. On information and belief, the Defendants imported the cited unlawful copies from
3  Mexico, in violation of 17 U.S.C. §601.

### THIRD through SIXTH CLAIMS FOR RELIEF
### COPYRIGHT INFRINGEMENT

26. Plaintiff realleges the contents of paragraphs 1 through 10 above and incorporates them as if set forth in full herein.

27. Within the past 60 days, Plaintiff obtained through ordinary channels of trade a copy of the Defendants' printed catalogue, containing photographs of items offered for sale by Defendants.

28. Among the items pictured in the catalogue are four items that appear to be unlawful copies of Plaintiff's original copyrighted works, as set forth in the following table:

| Item | Plaintiff's Copyrighted Item Description and Catalogue Number | Defendants' Catalogue Number |
|---|---|---|
| "336" | Aluminum oblong tray w/raised elephant design, #10-336 | TR-AN-4 |
| "344" | Aluminum tray w/raised shapes & forms of elephants, #10-344 | TR-AN-3 |
| "280" | Aluminum tray in a form of a two crabs, w/raise crab designs, #10-280 | TR-OC-1 |
| "1586" | Cast aluminum Serving Set in the Grape Vine and Leaf Design | SS-FR-3 |

29. At no time has Plaintiff authorized Defendants to offer the said items for sale, to advertise them, to photograph them for commercial purposes, or to place them in the stream of commerce.

30. On information and belief, the Defendants imported the cited unlawful copies from Mexico, in violation of 17 U.S.C. §601.

**WHEREFORE Plaintiff demands:**

31. That the Defendants and their agents and servants, and all others acting in concert with them, be enjoined during the pendency of this action and permanently from infringing the said copyright of Plaintiff in any manner, and from advertising, offering for sale, displaying,

1 selling, and otherwise marketing any copies of the original work, whether in print, on the Internet, or in any other medium;

32. That the Defendants and their agents and servants, and all others acting in concert with them, be required to deliver up to be impounded all infringing copies under their control, along with all drawings, designs, and instructions for their manufacture;

33. That the Defendants be required to render an accounting to Plaintiff and to disgorge their profits from the sale of the infringing copies;

34. That the Defendants be required to pay Plaintiff's actual damages according to proof, or in the alternative, statutory damages under the Copyright Act on account of the infringement;

35. That Plaintiff have its costs of litigation, including attorney fees;

36. That Plaintiff have such other and further relief as is just.

37. **Jury Demand**. Plaintiff demands a jury trial.

Date: 3/31/08

Respectfully submitted,

*Martin Nicolaus*

Martin Nicolaus
Attorney for Plaintiff