**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR COURT DESIGNS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOHN JENSEN,<br><br>Defendant.<br>_____/ | No. C-09-0584 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |

Plaintiff Arthur Court Designs, Inc. ("ACDI") has moved for default judgment against Defendant John Jensen. Having considered the motion and accompanying submissions, as well as all other evidence of record (including the evidence of record in *Arthur Court Designs, Inc. v. Owens*, No. C-08-1719 EMC), the Court hereby orders that ACDI provide the supplemental briefing and/or evidence described below.

(1) ACDI has alleged in its complaint that Mr. Jensen infringed the following copyrighted works: (1) an aluminum oblong tray with a raised elephant design; (2) an aluminum tray with raised shapes and forms of elephants; (3) an aluminum tray in a form of two crabs; and (4) a cast aluminum serving set in the grape vine and leaf design. *See* Compl. ¶ 28. According to ACDI, evidence of infringement is found in Mr. Jensen's printed catalog. *See* Compl. ¶ 27. The Court orders that ACDI provide the relevant portions of the printed catalog to support its allegation that the four works described above were unlawfully copied.

(2) ACDI asserts that an appropriate statutory damages award for the infringement by Mr. Jensen would be $80,000 – *i.e.*, $30,000 for each of the two principal infringed works (which appear to be the grape salad bowl described in paragraph 8 of the complaint and the grape

tray described in paragraph 9 of the complaint) and $5,000 each for the four remaining infringed works (*i.e.*, the items described in (1) above). *See* Nicolaus Decl. ¶ 6. According to ACDI, the $30,000 figure for each of the two principal infringed works is proper because its damages exceed that amount: "The grape collection is 50% of the company's sales and the #1 theme carried at all of our department store accounts." Hullfish Decl. ¶ 4. As for the $5,000 figure, all that ACDI states is that its damages are approximately that amount per item. *See* Hullfish Decl. ¶ 4. The Court is not, at this juncture, satisfied that the information provided is enough to make a proper determination on statutory damages for *any* of the copyrighted works. The Court has no knowledge about, *e.g.*, what ACDI charges for its copyrighted works,[1] what ACDI's profits are for the copyrighted works, how many copyrighted works are sold annually by ACDI, whether ACDI has had widespread problems with infringement of its copyrighted works (including but not limited to infringement by Mr. Jensen), how much Mr. Jensen charges for his infringing works, how many infringing works have been sold by Mr. Jensen, and so forth. This list is not exhaustive, and ACDI should provide any other information it deems relevant. The Court emphasizes that evidence should be offered as to *each* copyrighted work at issue (*i.e.*, both the principal infringed works and the four items described in (1) above). *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (noting that "district courts enjoy wide discretion in awarding fees and may consider various factors such as 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement'"); *Columbia Pictures Indus. v. T&F Enters.*, 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999) ( noting that courts consider various factors in determining the appropriate amount of statutory damages for copyright infringement, including "(1) the expenses saved and profits reaped by the defendants in connection with the infringements; (2) the revenues lost by the plaintiffs as a result of the defendants'

---

[1] The Court acknowledges ACDI's statement that it does not sell individual items at retail. *See* Hullfish Decl. ¶ 2. However, ACDI could still provide the Court with information about how much it charges its customers for the copyrighted works sold in bulk.

conduct; (3) the infringers' state of mind whether willful, knowing, or merely innocent; and (4) the goal of deterring wrongful conduct").

ACDI shall file its supplemental brief and/or evidence by **March 23, 2009**. ACDI shall also serve its supplemental brief and/or evidence so that it is *received* by Mr. Jensen by the same date.

ACDI is directed to serve a copy of this order upon Mr. Jensen immediately upon its receipt of the order. A proof of service shall be filed within three days of the date of this order.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge