UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR COURT DESIGNS, INC. | No. C-09-0584 EMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; AND FINDING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| JOHN JENSEN, | |
| Defendant. | **(Docket Nos. 4, 15)** |

Currently pending before the Court is Defendant John Jensen's motion to set aside the entry of default. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **GRANTS** Mr. Jensen's motion. Because the Court is granting Mr. Jensen's motion, the Court also finds that the motion for default judgment filed by Plaintiff Arthur Court Designs, Inc. ("ACDI") is moot.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In the instant case, ACDI claims that Mr. Jensen infringed various copyrights owned by ACDI. ACDI initiated the lawsuit against both Mr. Jensen and another individual, Sherri Owens, on March 31, 2008. *See* Case No. C-08-1719 EMC *Arthur Court Designs, Inc. v. Owens*, Docket No. 1 (complaint). Soon after the complaint was filed, it was served on Ms. Owens. Mr. Jensen, however, was not allegedly served until some five months later – *i.e.*, on September 7, 2008.[1]  ACDI has presented the Court with a notarized affidavit from a process server, in which he states that service

---

[1] Technically, this was a violation of Federal Rule of Civil Procedure 4(m), which as a general matter requires service of a complaint within 120 days after filing. *See* Fed. R. Civ. P. 4(m).

was effected on Mr. Jensen by leaving a copy of the summons and complaint (in addition to other court documents) at his usual place of abode with Julie Harvard, an individual residing at the same address and of suitable age and discretion. *See* Docket No. 2 (Nicolaus Decl., Ex. 1) (affidavit).

In a declaration, Mr. Jensen states that he "do[es] not know and have never known anybody by the name of Julie Harvard" and that "nobody fitting [the] description [of Julie Harvard, as described in the process server declaration,] does or ever has resided at my residence." Docket No. 16 (Jensen Decl. ¶¶ 13-14).

The Court notes that, although Mr. Jensen was not allegedly served until the above-listed date, ACDI claims that Mr. Jensen had knowledge of the lawsuit near the outset of the case. According to counsel for ACDI, the day that the complaint was served on Ms. Owens, Mr. Jensen called ACDI's counsel. During that telephone conversation, Mr. Jensen "claimed not to have insurance to cover the litigation and not to be able to afford an attorney." Docket No. 4 (Nicolaus Decl. ¶ 3); *see also* Docket No. 18 (Nicolaus Decl. ¶ 2). Mr. Jensen disputes that this conversation ever took place. According to Mr. Jensen, he has "never once spoken with Mr. Nicolaus (either via telephone or in person)." Docket No. 16 (Jensen Decl. ¶ 16). Counsel for ACDI also claims that Mr. Jensen called ACDI directly on May 8, 2008, and left messages referencing this litigation. *See* Docket No. 18 (Nicolaus Decl. ¶ 3). Again, Mr. Jensen disputes this. *See* Docket No. 20 (Jensen Reply Decl. ¶ 3) ("I have never spoken to any employee or agent of plaintiff, or left a message/voicemail at any of plaintiff's phone numbers.").

Mr. Jensen asserts that he never knew about any lawsuit by ACDI until November 10, 2008, when he received court documents in the mail. At that point in time, default had been already entered against him in Case No. C-08-1719 EMC *Arthur Court Design, Inc. v. Owens*. *See* Docket No. 16 (Jensen Decl. ¶ 12) ("When I returned from a trip to Las Vegas on November 10, 2008 (which I now understand is after default was already entered against me), I received documents regarding this case for the first time."); Docket No. 20 (Jensen Reply Decl. ¶ 6) ("I first received court documents in the mail on November 10, 2008 . . . ."). It does appear, based on the evidence of record, that ACDI did not serve Mr. Jensen with either of the two requests for entry of default that it filed. *See* Docket No. 2 (request for entry of default); Case No. C-08-1719 EMC *Arthur Court*

2

1  *Designs, Inc. v. Owens*, Docket No. 18 (request for entry of default).  Mr. Jensen, however, has been
2  served with various documents related to ACDI's motion for default judgment, including the motion
3  for default judgment itself.  *See* Docket Nos. 4, 6, 8, 10, 12, 13.  The motion for default judgment
4  was served on Mr. Jensen on or about March 4, 2009.  *See* Docket No. 4 (motion).  Notwithstanding
5  this fact (not to mention the fact that, per his own declaration, he found out about the lawsuit back in
6  November 2008), Mr. Jensen did not file the currently pending motion to set aside the default until
7  June 1, 2009.

8  Mr. Jensen's explanation as to why he took no action back in November 2008 is that he
9  believed the court documents that he had received in the mail had been sent to him in error and that
10 he did not believe any action was required of him since he had not been served.  *See* Docket No. 20
11 (Jensen Reply Decl. ¶ 6).  Mr. Jensen claims that he did not take action in the months thereafter
12 because he "was dealing with a number of distractions in my life, (a) the prosecution of my wife by
13 the City of Scottsdale for violation of a Scottsdale ordinance relating to dog control; (b) the heavy
14 season for my business (which involves outdoor sports facility and golf course maintenance); (c)
15 construction of my family's new home; and (4) other family matters, including care for my two
16 young children."  Docket No. 20 (Jensen Reply Decl. ¶ 6).  Finally, Mr. Jensen states that, once he
17 was served with the motion for default judgment, he "promptly contacted a lawyer in Arizona to
18 assist [him]."  Docket No. 20 (Jensen Reply Decl. ¶ 7).

## II.   **DISCUSSION**

20 As stated above, Mr. Jensen argues that the default entered against him should be set aside
21 because (1) he was not properly served with the summons and complaint and (2) there is good cause
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

1  to set aside the default.[2]  Because the Court concludes that there is insufficient evidence of proper
2  service, it does not reach the second issue.

3        Federal Rule of Civil Procedure 4(e)(2)(B) provides that an individual may be served by
4  "leaving a copy of [the summons and complaint] at the individual's dwelling home or usual place of
5  abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).
6  In the instant case, the summons and complaint were allegedly served on Mr. Jensen by leaving a
7  copy of the summons and complaint (in addition to other court documents) at his usual place of
8  abode with Julie Harvard, an individual residing at the same address and of suitable age and
9  discretion. *See* Docket No. 2 (Nicolaus Decl., Ex. 1) (affidavit).

10       Mr. Jensen does not contest that the address at which the summons and complaint were
11 served is his usual place of abode. Mr. Jensen's contention is that the documents were not served on
12 someone of suitable age and discretion who resides there. According to Mr. Jensen, he "do[es] not
13 know and have never known anybody by the name of Julie Harvard" and "nobody fitting [the]
14 description [of Julie Harvard, as described in the process server declaration,] does or ever has
15 resided at my residence." Docket No. 16 (Jensen Decl. ¶¶ 13-14).

16       ACDI offers no evidence to rebut Mr. Jensen's statements regarding Julie Harvard. Counsel
17 for ACDI states in his declaration that he is prepared to offer the process server as a witness, *see*
18 Docket No. 18 (Nicolaus Decl. ¶ 5), but it is unlikely that the process server would be able to
19 provide any information about whether the person served was actually a resident. Accordingly, the
20 Court concludes that service of process on Mr. Jensen was not properly effected.

---

[2] Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under Ninth Circuit case law, a court considers three factors in determining whether there is good cause: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *See Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). A court may set aside a default if *any* of the three factors are true. *See id.* at 926 (emphasizing that the factors are disjunctive). The defendant bears the burden of showing that any of the factors favors setting aside the default. *See id.* Underlying the above analysis is the fact that there is a strong public policy in favor of resolving a case on its merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (noting that default judgments are generally disfavored so that, "[w]henever it is reasonably possible, cases should be decided upon their merits").

To the extent that ACDI argues that service was proper because Mr. Jensen had actual notice of the lawsuit at least as of November 2008 (per his own declaration) but did not make any motion to contest service of process and thereby waived the right to challenge service of process, the Court rejects that argument.  Although a court might excuse a technical error in service where the defendant has actual notice of the suit, there must be substantial compliance with Rule 4.  *See* 1-4 Moore's Fed. Prac. -- Civ. § 4.03[3][b]; *see also Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.'"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'  However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'").  ACDI has not cited any authority establishing that failure to serve a person of suitable age and discretion who resides at the defendant's home can constitute substantial compliance with Rule 4(e)(2)(B).  *Cf. Audio Toys, Inc. v. Smart AV Pty*, LTD., No. C 06-6298 SBA, 2007 U.S. Dist. LEXIS 44078, at *11-12 (N.D. Cal. June 7, 2007) (concluding that there was no substantial compliance when service on the company was attempted by leaving the documents with a nonmanagerial employee who likely would have informed the company manager).

Furthermore, although there is case law indicating that service would be deemed proper if the notice given was sufficient, the sufficient notice exception requires a showing that "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."  *Borzeka v. Heckler*, 739 F.2d 444, 447 (1984).  *See, e.g.*, *Daly-Murphy v. Winston*, 820 F.2d 1470, 1478 n.4 (9th Cir. 1987) (noting that "the 'sufficient notice' exception contains a 'justifiable excuse' requirement, which [plaintiff] has failed to meet").  ACDI has not offered any evidence as to the third factor; no reason is given for the failure to serve properly.  Moreover, its argument of prejudice is weak.  ACDI cites no prejudice other than having to now prosecute the case on the merits.  *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (in discussing whether reopening a default

judgment would prejudice a plaintiff, noting that the prejudice must be more "than simply delaying resolution of the case [–] 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered'" -- *e.g.*, "'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion'").

Accordingly, the Court grants Mr. Jensen's motion to set aside the entry of default on the basis that there is insufficient evidence that service of process was proper.  However, as a condition of granting the motion and as conceded in open court, the Court deems that Mr. Jensen has now been properly served.  The Court further orders Mr. Jensen to file and serve a response to ACDI's complaint **July 28, 2009**.  Finally, because the Court is granting Mr. Jensen's motion to set aside the entry of default, the Court finds that ACDI's motion for default judgment is now moot.

### III. CONCLUSION

For the foregoing reasons, Mr. Jensen's motion to set aside is granted and ACDI's motion for default judgment is deemed moot.

This order disposes of Docket Nos. 4 and 15.

IT IS SO ORDERED.

Dated:  July 20, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge